CA06-234T

AO 243 (Rev. 5/85)

# MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions–Read Carefully*

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: Rhode Island | |
|---|---|---|
| Name of Movant: Luis Pinet | Prisoner No.: 04508-070 | Case No.: 97-102T |
| Place of Confinement: FCI Raybrook | | |

UNITED STATES OF AMERICA V. Luis Pinet (name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack U.S. District Court, Rhode Island

2. Date of judgment of conviction June 1, 1998

3. Length of sentence 262 Months

4. Nature of offense involved (all counts) 21 U.S.C. § 841(b)(1)(A)

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Entered Plea to Count I, while Count II was Dismissed

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court ______

(b) Result ______

(c) Date of result ______

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ______

(2) Nature of proceeding ______

(3) Grounds raised ______

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ______

(6) Date of result ______

(b) As to any second petition, application or motion give the same information:

(1) Name of court ______

(2) Nature of proceeding ______

(3) Grounds raised ______

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ____________________

(6) Date of result ____________________

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

____________________

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Denial of Right to Appeal

Supporting FACTS (state *briefly* without citing cases or law)

Despite Being Explicitly Requested to File a Notice of Appeal, My Counsel Failed to Do So.

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four: ______

Supporting FACTS (state *briefly* without citing cases or law): ______

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: ______

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing James T. McCormick

(b) At arraignment and plea Same

(c) At trial ______

(d) At sentencing Same

(e) On appeal ______________________________

(f) In any post-conviction proceeding ______________________________

(g) On appeal from any adverse ruling in a post-conviction proceeding ______________________________

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: ______________________________

(b) Give date and length of the above sentence: ______________________________

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

______________________________
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

5-11-06
(date)

______________________________
Signature of Movant

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

v. Case No. 97-102T

LUIS PINET,
Petitioner,

PETITION PURSUANT TO 28 U.S.C. § 2255

COMES NOW, Luis Pinet, the petitioner in the above referenced matter, hereby petitions this Honorable Court, for relief pursuant to 28 U.S.C. § 2255, to vacate the Judgment, which was entered on June 1, 1998, by the Honorable Ernest C. Torres, United States District Judge, and to resentence the petitioner to allow an appeal "anew" based on counsel's failure to file an explicitly requested notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470 (2000); Tse v. United States, 290 F.3d 462 (1st Cir. 2002) (per curiam); and a recently decided Second Circuit holding in Campusano v. United States, 2d Cir. No. 04-5134-pr (2/23/06).

I the alternative, the petitioner asserts that his is entitled to an evidentiary hearing, pursuant to Rule 8 of the Rules governing section 2255 petitions, to resolve any factual matters as to why counsel failed to file an explicitly requested appeal. Tse v. United States, supra.

A. Facts and Procedural History

1. A sitting federal grand jury for the district of Rhode Island, issued a multi-count Indictment, charging the petitioner with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

2. The petitioner had been represented by James T. McCormick, of Providence, Rhode Island, and subsequently pled guilty to Count I of the Indictment, with the remaining Count II, to be dismissed at the time of sentencing.

3. In accordance with the entered plea, the United States Department of Probation issued a Presentence Report. In that Report, it was recommended that a Base Offense level of 34 be attributed, under U.S.S.G. § 2D1.1(c)(3); with a two level increase to be added for the possession of a firearm. However, because the petitioner had incurred two or more prior felony drug convictions, he qualified for the career offender provision of U.S.S.G. § 4B1.1. As such, his offense level would be 37, and a criminal history category of VI.

4. Finally, the Report recommended that because the petitioner timely accepted responsibility, 3 levels were to be deducted, resulting in an adjusted offense level of 34. The Report stated that based on these calculations, the sentencing guidelines would be from 262 to 327 months of imprisonment.

5. No objections were made to the petitioner's PSR, and on June 1, 1998, the district court adopted the findings of the PSR, and sentenced him to a term of 262 months of imprisonment, to be followed by 3 years of supervised release. The court did not advise the petitioner of his right to appeal; however, immediately following the court's rendition, the petitioner explicitly requested that counsel file a notice of appeal. It has been recently revealed that no appeal was ever filed.

I.

THE PETITIONER'S SIXTH AMENDMENT RIGHT TO COUNSEL WAS VIOLATED BY COUNSEL'S FAILURE TO FILE AN EXPLICITLY REQUESTED NOTICE OF APPEAL.

6. The Sixth Amendment rule that a criminal defense attorney's failure to pursue an appeal requested by a client, constitutes ineffective assistance of counsel regardless of each ofthe merits of the appeal, and applies even in cases where

the clients waived their rights to the appeal as part of the plea baragin, the United States Court of Appeals held on March 23, 2006. The Court is among those that have decided that an appeal waiver does not foreclose the filing of a so-called Anders brief, and counsel's failure to do so, when requeste by a client, triggers the per se prejudice rule, the court decided. Campusano v. United States, 2d Cir. No. 04-5134-pr (3/23/06).

7. In this case, the petitioner entered into a plea agreement with the United States, upon the advise of counsel, who advised the petitioner that no other course existed. Specifically, counsel informed the petitioner, that upon his review of the Government's files, no defense existed to either of the two charged offenses. Moreover, counsel advised the petitioner that, despite his claim of innocence as to most of the prior convictions; that he was a career offender and faced a proposed life term of imprisonment.

8. Although the petitioner is a citizen of the United States, he does not speak or read English, and counsel specifically advised him that should he take this case to a jury trial, the Government would supercede the Indictment and charge him with more onerous offenses.

and charge him with illegal reentry, in violation of 8 U.S.C. § 1326.

9. The sole reason for the entered plea was upon the advise of counsel, who obviously did not research applicable laws and the United States Sentencing Guidelines, which will be illustrated herein; though not required under this Circuit's holding in Campusano. Id.

The Application of Roe v. Flores-Ortega

Ordinarily, Sixth Amendment ineffective assistance claims are subject to the familiar two-part test of Srickland v. Washington, 466 U.S. 668 (1984), which requires that a criminal defendant to identify an instance in which his attorney's performance was unreasonable and to demonstrate that the deficient performance prejudiced the defense.

10. However, in Roe v. Flores-Ortega, 528 U.S. 470 (2000), the United States Supreme Court decided that, "[w]hen a defendant asks his attorney to file an appeal, and the attorney drops the ball, prejudice is to presumed, and the defendant is entitled to bring the appeal that he was deprived of by the attorney's substandard performance." Id. at 471. The Court, in Flores-Ortega, made clear that, "when counsel

fails to file a requested appeal, a defendant is entitled to a new appeal, without a showing that the appeal would likely have had merit." Id. at 474.

11. In the case before the Second Circuit (Campusano) which mirrors the facts of the present case (petitioner), a defendant entered into a plea agreement that contained a provision waiving his right to bring an appeal. The attorney did not file a notice of appeal, but the defendant later claimed in an application for post-conviction relief, that he had asked his attorney to do so.

12. In an opinion by Judge Sotomayer, the Second Circuit frame the issue before it as, "whether a habeas petitioner whose lawyer allegedly ignored his requests for an appeal, must demonstrate on collateral review, that his claims would have had merit before he is allowed to pursue them on direct appeal." The Court observed that it had previously held than an appeal waiver in a plea agreement does not relieve counsel of it's obligation to file a no-merit brief, pursuant to Anders v. California, 386 U.S. 738 (1967), when a defendant has filed a notice of appeal on his own. See, United States v. Gomez-Perez, 215 F.3d 315 (2d

Cir. 2000) (post-waiver Ander's brief must address; whether the plea and waiver were knowing, voluntary, and competent; whether it would be against the defendant's best interest to contest his or her plea; and any other issues implicating rights that cannot be, or arguably were not, waived).

13. "Gomez-Perez strongly suggests, and we now hold," the Court said, "that when counsel does not file a requested notice of appeal and fails to file an adequate Anders' brief, courts may not dismiss the hypothetical appeal as frivolous on collateral review." Campusano. Id.. The Court explained, that "when an attorney files an Ander's brief and a Court determines whether the appeal raises non-frivolous issues, the defendant is afforded (1) an opportunity to appeal with the benefit of counsel and (2) an opportunity to demonstrate to the court, the existence of non-frivolous issues after counsel has withdrawn. These are not trivial opportunities and the Sixth Amendment does not allow them to be forefeited through attorney error." Id.

14. The Court added, that Gomez-Perez recognized that "important constitutional rights," including the right to block enforcement of an involuntary waiver, and the right to insist that the government hold to it's end of the plea

bargain, "are endangered if counsel fails to pursue an appeal, without advising a client of the reasons for doing so." The Campusano court declined to adopt a rule that would allow courts to review hypothetical appeals as a substitute for real appeals that have been blocked by attorney error. Accordingly, it held:

> [E]ven after a waiver, a lawyer who believes the requested appeal would be frivolous is bound to file the notice of appeal and submit a brief pursuant to Anders ... When counsel fails to do so, we will presume prejudice, as required by Roe v. Flores-Ortega ... and the defendant will be entitled to a direct appeal without a showing on collateral review that his appeal will likely have merit.

15. The Campusano court acknowledged that applying the pre se prejudice rule in the appeal waiver context, raises efficiency concerns. For example, in that case, there remained an outstanding factual issue as to whether the defendant timely asked his counsel to appeal, and "it is tempting," the court admitted, "to require [him] to show that his appeal raises non-frivolous issues now, instead of awaiting the results of an evidentiary hearing and, potentially, a second appeal." We urge that this same scenario applies in the instant proceeding.

16. The Court also acknowledged that, "if we require him to make that showing now, we will undermine Gomez-Perez, and the principles of the Sixth Amendment by allowing attorneys who believe their clients' appeals to be frivolous simply to ignore their client's requests to appeal.

17. In the case at bar, the petitioner asserts that, on June 1, 1998, at the sentencing proceeding, prior to the imposition of the sentence, the petitioner and counsel discusse the ramification of a proposed appeal. Counsel urged that, based on he plea waiver provision in the agreement, it would not be feasible tofile an appeal; however, subsequent to being sentenced to a term of 22 years, the petitioner explicitly instructed Mr. McCormick to file a Notice of Appeal.

18. The petitioner questioned the validity of 4 of the prior convictions used as qualifying felonies, stating in essence, that he was not the perpetrator of those charged crimes; that another individual had used his identification, and that a simply request to the local authorities would reveal that the petitioner was actually innocent of those offenses.

19. In addition, the petitioner had urged counsel to request a downward departure because his criminal history was over-represented, based on the two sole convictions on August 2, 1995, and which did not involve a crime of violence; and which was although a felony, punishable by over a year in prison; but was relatively minor in the context of the present case.

20. Subsequent to sentencing, the petitioner was transfered to FCI Raybrook, located in the Upper Northern New York Region, under the impression that an appeal would be filed. In conversations with counsel, subsequent to sentencing, counsel assured the petitioner that he was working on his case. It was not until a letter of inquiry to the Court of Appals in March, 2006, that it was learned that no appeal had been filed. (See Exhibit "A").

## II.
## REQUEST FOR EVIDENTIARY HEARING

21. The petitioner asserts that, in the alternative to granting this petition sua sponte, he is entitled to an evidentiary hearing, pursuant to Rule 8 of the Rules governing section 2255 petitions. Sanders v. United States, 373 U.S. 1, 19-20 (1963); Tse v. United States, 290 F.3d 462, 464 (1st

Cir. 2002) (per curiam); Armienti v. United States, 234 F.3d 820, 825 (2d Cir. 2000); Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001); United States v. Witherspoon, 231 F.3d 923, 927 (4th Cir. 2000); and United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2001).

22. The petitioner also recongizes that the AEDPA's one-year time limitation in which to file a section 2255 petition; however, as illustrated, under these extra-ordinary circumstances presented herein, he is entitled to file his first petition as timely. Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) (extension of time may be granted for extra-ordinary and unusual circumstances); and United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002).

23. It is also acknowledged that, prior to dismissing a petition for "untimeliness" a federal district court must first, notify the petitioner of the statutory bar to filing, and allow a reply. Granberry v. Greer, 481 U.S. 129, 136 ("[B]efore acting sua sponte, a court must accord the parties fair notice and an opportunity to present their positions. It must also ensure that the petitioner is not significantly prejudiced by the delayed focus of the limitation issue, and determine whether the interest of justice would be better

served by addressing the merits or by dismissing the petition as time barred." Id. at 136.

Conclusion

For the reasons set forth herein, the petitioner requests that this Court grant the instant petition to vacate the judgment, in order to allow an appeal "anew"; or in the alternative, to conduct a hearing pursuant to Rule 8 of the Rules governing section 2255 petition.

Respectfully,

Luis A. Pinet

April 27, 2006