UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LUIS PINET

vs.                                         C.A. No. 06-234-T

UNITED STATES OF AMERICA

**MEMORANDUM AND ORDER DENYING § 2255 MOTION**

ERNEST C. TORRES, Senior United States District Judge

Luis Pinet has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate"). For the reasons stated below, the motion is denied.

### Background

In 1998, Pinet pled guilty to one count of possessing more than 50 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). As part of the plea agreement, the Government agreed to recommend dismissal of a second count charging Pinet with possessing a firearm after being convicted of a felony.

At the plea hearing, the Government's attorney estimated the applicable Guideline range to be 292-365 months and Pinet's counsel estimated it to be 252-264 months.

On June 1, 1998 this Court sentenced Pinet to 262 months imprisonment, the low end of the Guideline range as calculated in the presentence report (PSR) to which Pinet did not object. Pinet did not file an appeal, and his conviction became final on or about June 20, 1998.

On May 11, 2006, eight years after sentencing, Pinet filed this § 2255 motion in which Pinet claims that his counsel failed to file an appeal "despite being explicitly requested" to do so. (Motion to Vacate at 5, ¶ 12A.) The Government argues that the motion to vacate was not timely filed and should be denied. In his § 2255 motion, Pinet asserts that he did not realize that no appeal had been filed on his behalf until March 2006 when he wrote to the Court of Appeals inquiring about the status of his case. (See Motion to Vacate at 17, ¶ 20.) However, in a subsequent filing, Pinet contradicted that assertion by stating that "until a short time before March 2006 [he] was under the mistaken impression that he had no right to appeal." (See Motion for Dismissal without Prejudice or in the Alternative an Extension of Time for Filing an Affidavit and Memorandum of Law (Doc. #4) ["Motion for Extension of Time"] at 2.)

## Analysis

Section 2255 contains a one-year statute of limitations that provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6 (as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996)).[1]

Pinet's claims would be timely only if it fit within the provisions of § 2255, ¶ (4), which it clearly does not. Pinet's claimed failure to learn, until seven years after sentencing, that no appeal had been filed, itself, establishes a failure to exercise "due diligence." See Johnson v. United States, 544 U.S. 295, 311 (2005) (delay of 21 months deemed unreasonable for purposes of applying limitations period under § 2255, ¶6(4)). Furthermore, Pinet's statement that, until March 2006, he did not believe that he had a right to appeal contradicts his earlier assertion that he requested counsel to file an appeal and was under the impression that this had been done.

Because Pinet's motion is barred by the statute of limitations, there is no need to address Pinet's claims of ineffective assistance.

---

[1] 28 U.S.C § 2255 was re-codified, effective January 2008. This Court uses the version in effect at the time Pinet file the instant motion to vacate.

## Conclusion

For the foregoing reasons, Pinet's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED and DISMISSED.


IT IS SO ORDERED.

_Ernest C. Torres_
Ernest C. Torres
Senior U.S. District Judge
January \\ , 2009